IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STEVEN DEWAYNE HOLMES                                                              PLAINTIFF

V.                              CASE NO. 3:12CV00117 SWW/BD

MIKE ALLEN                                                                                  DEFENDANT

RECOMMENDED DISPOSITION

I.      **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. Background:

Plaintiff Steven Dewayne Holmes, a pre-trial detainee housed at the Crittenden County Detention Facility ("Detention Facility"), filed this case *pro se* under 42 U.S.C. § 1983. In his original Complaint, Mr. Holmes claimed that the conditions at the Detention Facility constituted cruel and unusual punishment; that Detention Facility officials were deliberately indifferent to the health, safety, and welfare of Detention Facility inmates; and that the Detention Facility was understaffed. (Docket entry #2) He named Defendant Sheriff Mike Allen as the only defendant, suing the Sheriff in both his individual and official capacities.

The Complaint, as written, did not include enough information to determine whether Defendant Allen, or anyone at the Detention Facility, had violated Mr. Holmes's constitutional rights. Accordingly, Mr. Holmes was instructed to file an Amended Complaint explaining how Sheriff Allen, or any Detention Facility official, violated his constitutional rights, and describing the injury that he suffered as a result of unconstitutional conduct. Mr. Holmes has now filed an Amended Complaint. (#5)

Based on the allegations in Mr. Holmes's Complaint and Amended Complaint, the Court recommends that Mr. Holmes's claims be DISMISSED, without prejudice.

**III.   Analysis:**

   A.   Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983. A complaint does not have to include detailed factual allegations, but the complaint must contain enough facts to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S.Ct. at 1940. Pro se complaints are construed liberally, but they still must include "enough facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

   B.   Sheriff Mike Allen

Here, Mr. Holmes names Sheriff Mike Allen as the sole defendant. Mr. Holmes was instructed to state specifically in his amended complaint how Sheriff Allen was responsible for a constitutional violation, but the Amended Complaint falls far short. In a § 1983 action, a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate based only on an employment relationship. The supervisor must have had some personal involvement before he or she can be held liable. *Iqbal*, 556

U.S. at 676, 129 S. Ct. at 1948; *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Therefore, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. Because Mr. Holmes does not mention Sheriff Allen when describing the events giving rise to this lawsuit in his Amended Complaint, and does not attribute any unconstitutional conduct to Sheriff Allen, he has not stated a claim for relief against the Sheriff.

    C.    Cruel and Unusual Punishment - No Personal Liability

In his Amended Complaint, Mr. Holmes makes a variety of claims regarding the conditions of confinement at the Detention Facility. He alleges that: he was not able to use the restroom as frequently as he would like, due to the lack of available toilet paper; there was a bacterial build-up in the shower stalls at the Detention Facility; he was forced to go several days without clean sheets; he had to eat food served by inmates who were not wearing gloves; he was not tested for tuberculosis after having been housed with an inmate who tested positive for disease; he had to share one newspaper with all other inmates at the Detention Facility and could not watch the news on television; he was not allowed adequate visitation; and he was not able to use the telephone as often as he would have liked.

In order to establish that conditions of confinement are unconstitutional, a prisoner must show that the deprivation was, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 1980 (1994). And "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991)).

Because Mr. Holmes was a pre-trial detainee during his detention, the due process standard of the Fourteenth Amendment applies in deciding the constitutionality of his conditions of confinement. This distinction, however, "makes little difference as a practical matter. . . . Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007)

Here, the Court cannot conclude that any of the deprivations suffered by Mr. Holmes rise to a constitutional level, even assuming all allegations in the Amended Complaint are true. While Mr. Holmes's conditions might not have been ideal, the Constitution does not mandate comfortable prisons. See *Hudson*, 503 U.S. at 9; see also *Scott v. Carpenter*, 24 Fed. Appx. 645 (8th Cir. 2001) (upholding district court's finding

that prison officials did not act with deliberate indifference to inmate plaintiff's hygiene where inmate plaintiff received only fifteen showers in six months); *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (no constitutional violation for inmate confined to a strip cell for four days without bedding, a mattress, soap, or other hygiene items)

Further, even if the Court were to assume that Mr. Holmes had sufficiently stated a constitutional claim for relief, he has not identified any individual responsible for these alleged violations.

       D.      Officers Real, Spoon, Gropper, Malon, Nelson and Burton

With regard to certain claims, Mr. Holmes identifies those individuals who were aware of the allegedly unconstitutional conditions, but failed to act. He claims that Officers Real and Spoon were aware that inmates were not provided adequate toilet tissue, and that Officer Gropper was aware that Mr. Holmes's clothes were not washed as frequently as they should have been. In addition, he claims that, on certain dates, various Detention Facility officials left inmates unsupervised. While these allegations may be true, Mr. Holmes does not allege that he sustained any injury as a result of this conduct. More importantly, this conduct – even if true – falls significantly short of a constitutional violation.[1]

---

[1] In his Amended Complaint, Mr. Holmes does state that "he believe[s] it hurts me mental[l]y to have to . . . live in [this] facility", and that if he is forced to live in this facility for a long period of time "it will hurt [him] physically." (#5 at p.6) Mr. Holmes, however, fails to allege that he has sustained any physical injury at this time.

E.     Access-to-the-Courts Claim

In his Amended Complaint, Mr. Holmes states that Detention Facility officials told the inmates that they would not have access to a law library. Unfortunately for Mr. Holmes, an allegation that prison officials impeded access to the courts, standing alone, does not amount to a constitutional violation. This constitutional violation requires a showing that a defendant kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To show an actual injury, the prisoner must show that a non-frivolous legal claim was "frustrated or ... impeded ." *Id*. Here, Mr. Holmes has not alleged any actual injury to support this constitutional claim.

F.     Claims on Behalf of Other Inmates

In both his original Complaint and Amended Complaint, Mr. Holmes describes incidents involving other inmates. First, he describes an incident in which Detention Facility inmates were forced to go to the recreational yard during an evening shake-down and were left unsupervised. He alleges that two inmates were involved in an altercation while in the recreation yard. He further alleges that certain officers were aware of the risk posed to the inmates in evacuating the inmates in this manner, but he does not allege that he sustained any injury as a result of that incident.

Second, Mr. Holmes describes an incident in which another inmate fell off of his bunk and was left unattended. He claims that certain officers should have reacted more

quickly.  And, he claims that inmates are not provided proper medical care while housed at the Detention Facility.

The law is settled that an inmate cannot bring claims on behalf of other inmates. *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315 (1984)  Accordingly, claims for harm done to other inmates fail.

IV. **Conclusion:**

The Court recommends that Mr. Holmes's claims be DISMISSED, without prejudice, this 24th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE